UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANSOM JOHN HILTON PERRY, PETITIONER, | 1:19-CV-485 |
| V. | CASE NO. 2009 CF1 005211 FILED SCRANTON MAR 1 8 2019 Per _____ DEPUTY CLERK |
| DAVID J. EBBERT, RESPONDENT, | |

(NAME OF WARDEN OR AUTHORIZED PERSON HAVEING CUSTODY OF PETITIONER)

PETITIONER FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241

PERSONAL INFORMATION

(1) FULL NAME: RANSOM JOHN HILTON PERRY

(2) PLACE OF CONFINEMENT: UNITED STATES PENITENTIARY LEWISBURG

P.O. BOX 1000

LEWISBURG, PA 17837

IDENTIFICATION NUMBER: 43022-007

(3) ARE YOU CURRENTLY BEING HELD ON ORDERS BY: ☒ FEDERAL AUTHORITY U.S.P. / LEWISBURG PENITENTIARY

(4) ☒ SERVING A SENTENCE, AFTER BEEN CONVICTED OF A CRIME YOU ARE CURRENTLY SERVING A SENTENCE. PROVIDE:

(a) NAME AND LOCATION OF COURT SENTENCE YOU: SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

(b) DOCKET NUMBER OF CRIMINAL CASE: 000042163445 CRMJCO

(c) DATE OF SENTENCE: 7-1-2011

OTHER: ☒ (1) COUNT OF MURDER II WHILE ARMED AND (14) COUNTS OF ROBBERY

PETITIONER RANSOM JOHN HILTON PERRY CHALLENGES ACTUALLY,FACTUALLY, INNOCENT UNDER 28 U.S.C.§2241 HABEAS CORPUS.

PETITIONER CHALLENGES THE VALIDITY OF HIS CONVICTION OR SENTENCE AS IMPOSED UNDER THE SAVINGS CLAUSE 28 U.S.C.§2255(e).

### NEWLY DISCOVERED EVIDENCE

(1) PETITIONER, RANSOM JOHN HILTON PERRY, WAS SENTENCED JULY 1, 2011 HE WAS CHARGED AND CONVICTED OF (1) COUNT MURDER II WHILE ARMED AND (14) COUNTS OF ROBBERY. IN WHICH SUCH ERROR IS NOW EFFECTING HIS COMPLETE SENTENCEING AND LENGTH OF SENTENCE. SEE EXHIBIT (C) DUE TO SUCH ERROR, PETITIONER COULD NOT HAVE COMMITTED THE OFFENSE OF (1) COUNT OF MURDER II WHILE ARMED OR (14) COUNTS OF ROBBERY DUE TO THE INDICTMENT FILE (12) COUNTS WERE DISMISSED ON MAY 3, 2011, FOR (5) COUNTS OF ASSAULT WITH INTENT TO KILL WHILE ARMED; (2) COUNTS OF CARJACKING WHILE ARMED; (4) COUNTS OF POSSESSION OF FIREARM DURING A CRIME OF VIOLENCE AND CARRYING A PISTOL WITHOUT LICENSE. ALL CHARGES WERE DISMISSED ON MAY 3, 2011, IN SUPERIOR COURT OF THE DISTRICT OF COLUMBIA. SEE EXHIBIT (B)1 AND (B)2.

(2) PETITIONER CONTENDS THAT DUE TO THE DISMISSALS, HE COULD NOT BE CHARGED FOR ANY POSSESSION OR HAVING A [GUN WHILE ARMED] DUE TO THE [POSSESSION OF A FIREARM DURING A CRIME OF VIOLENCE] BEING DISMISSED, INDICATING THAT HE NEVER POSSESSED, CARRIED OR HAD ANY FIREARM TO BE CHARGED OR CONVICTED OF (1) COUNT OF MURDER II WHILE ARMED OR (14) COUNTS OF ROBBERY IS A COMPLETE ERROR BECAUSE THE PETITIONER HAD TO HAVE A GUN OR WEAPON TO COMMIT A CRIME IN WHICH HE DID NOT HAVE.

(3) PETITIONER CHALLENGES DUE TO COUNSEL FAILURE TO OBJECT THE (1) COUNT OF MURDER II WHILE ARMED OR (14) COUNTS OF ROBBERY KNOWINGLY, WILLFULLY KNEW HE COULD NOT BE CHARGE FOR POSSESSION OR WEAPON WITH [GUN WHILE ARMED] WHICH NOW STANDS IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS AN CAUSE OF FALSE IMPRISONMENT.

## FUNDAMENTAL MISCARRIAGE OF JUSTICE

GROUND ONE: PETITIONER CHALLENGES THE ACTION THAT CAUSED FUNDAMENT MISCARRIAGE OF JUSTICE TO DEMONSTRATE THAT HE IS ACTUALLY, FACTUALLY INNOCENT OF ANY CRIME... BY PRESENTING NEW EVIDENCE OF INNOCENCE.

(a) SUPPORTING FACTS:

PETITIONER CHALLENGES ACTUALLY, FACTUALLY INNOCENT DUE TO BEING CHARGED AND CONVICTED OF (1) COUNT OF MURDER II WHILE ARMED AND (14) COUNTS OF ROBBERY AND THAT HE COULD NOT HAVE COMMITTED "EITHER" CRIME DUE TO THE DISMISSALS ON MAY 3, 2011 IN SUPERIOR COURT OF THE DISTRICT OF COLUMBIA FOR (5) COUNTS OF ASSAULT WITH INTENT TO KILL WHILE ARMED; (2) COUNTS OF CARJACKING WHILE ARMED; (4) COUNTS OF POSSESSION OF A FIREARM DURING A CRIME OF VIOLENCE OR DANGEROUS OFFENSE AND CARRYING A PISTOL WITHOUT A LICENSE (OUTSIDE HOME OR PLACE OF BUSINESS). ALL CHARGES PROVE THAT PETITIONER "NEVER" POSSESSED OR HAD A [GUN WHILE ARMED] TO COMMIT ANY CRIME OF (1) COUNT OF MURDER II WHILE ARMED OR (14) COUNTS OF ROBBERY. [SEE EXHIBIT (B)1 AND (B)2, (A).

(b)

DID YOU PRESENT GROUND ONE IN ALL APPEALS THAT WERE AVAILABLE TO YOU? ☒ NO

GROUND TWO:

PETITIONER CONTENDS CAUSE AND PREJUDICE AFTER (SENTENCING) JULY 1, 2011 TO (1) COUNT OF MURDER II WHILE ARMED AND (14) COUNTS OF ROBBERY WHICH IS ILLEGAL BECAUSE CHARGES FOR POSSESSION OR A [GUN WHILE ARMED] WERE DISMISSED ON 05-03-11, AN PROVES PETITIONER NEVER HAD A [GUN WHILE ARMED] NOR DID HE POSSESS ONE TO COMMIT A CRIME.

(a) SUPPORTING FACTS:

PETITIONER CONTENDS OF CAUSE AND PREJUDICE DUE TO LACK OF COUNSEL FAILURE TO OBJECT TO PSR, FAILURE TO PROPERLY INVESTIGATE THE GUN POSSESSION, FAILURE TO INVESTIGATE ALL PETITIONER DISMISSED CHARGES, TO SEE AND PROVE PETITIONER DID NOT HAVE OR POSSESS A [GUN WHILE ARMED]

(b)

DID YOU PRESENT GROUND TWO IN ALL APPEALS THAT WERE AVAILABLE TO YOU? ☒ NO

GROUND THREE:

PETITION SEEKS BREACH OF DUTY THAT WAS CONSTITUTED BY THE UNITED STATES OF AMERICA, FALSE ARREST, FALSE IMPRISONMENT, VIOLATION OF THE EIGHTH, FIRST, FIFTH AND FOURTH AMENDMENT OF THE CONSTITUTION.

(2) SUPPORTING FACTS:

PETITIONER SEEKS BREACH OF DUTY THAT WAS CONSTITUTED BY THE UNITED STATES OF AMERICA, EIGHTH AMENDMENT CRUEL AN USUAL PUNISHMENT TO BE FREE OF "CIVILIZE LIFE", FIRST AMENDMENT RIGHT TO FREE (SPEECH), FIFTH AMENDMENT DUE PROCESS TO BE FREE OF GROSS PHYSICAL ABUSE AT THE HANDS OF FEDERAL OFFICIALS, FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE, ALL RIGHTS OF THE CONSTITUTION HAVE BEEN VIOLATED BY THE UNITED STATES GOVERNMENT.

(4)

(b).
DID YOU PRESENT GROUND THREE IN ALL APPEALS THAT WERE AVAILABLE TO YOU? ☒ NO

## REQUEST FOR RELIEF

PETITIONER SEEKS TO VACATE SENTENCE IMMEDIATE RELEASE.

(5)

## DECLARATION UNDER PENALTY OF PERJURY

IF YOU ARE INCARCERATED, ON WHAT DATE DID YOU PLACE THIS PETITION IN THE PRISON MAIL SYSTEM: 3-13-19

I DECLARE UNDER PENALTY OF PERJURY THAT I AM THE PETITIONER. I HAVE READ THIS PETITION OR HAD IT READ TO ME, AND THE INFORMATION IN THIS PETITION IS TRUE AND CORRECT. I UNDERSTAND THAT A FALSE STATEMENT OF MATERIAL FACT MAY SERVE AS BASIS FOR PROSECUTION FOR PERJURY.

DATE 3-13-19

SIGNATURE OF PETITIONER

SIGNATURE OF ATTORNEY

EXHIBIT (A)

SUPERIOR COURT

OF THE

DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 16, 2009

2009 DEC -2 P 4: 37

FILED

| | |
|---|---|
| THE UNITED STATES OF AMERICA : | Criminal No: 2009 CF1 015211 |
| : | |
| v. : | Violation: |
| : | 22 D.C. Code, Sections 2101, 4502; |
| RANSOM J. PERRY, JR., ALSO : | 22 D.C. Code, Sections 401, 4502; |
| KNOWN AS MIKE-MIKE, ALSO : | 22 D.C. Code, Section 2803, 4502; |
| KNOWN AS RAN-RAN : | 22 D.C. Code, Section 4504(b); |
| PDID: 584-868 : | 22 D.C. Code, Section 4504(a) (2001 ed.) |
| : | |
| : | (First Degree Murder While Armed |
| : | (Premeditated); Assault With Intent To Kill |
| : | While Armed; Carjacking while Armed; |
| : | Possession Of a Firearm During Crime Of |
| : | Violence Or Dangerous Offense; Carrying a |
| : | Pistol Without a License (Outside Home or |
| : | Place of Business)) |

The Grand Jury charges:

## Criminal Record continued:

| Date of Offense | Offense | Disposition | Verified | Points | Group # |
|---|---|---|---|---|---|
| 01-24-09 | Attempted Threats to Do Bodily Harm – Misd 2009DVM000224 | Guilty 05-11-09; 180 days in jail, ESS to all, 1 year supervised probation. | " | .25 | Misd |
| 03-09-09 | Murder II While Armed (ct.1) | ***Instant Offense*** | " | | M2 |
| | Assault W/I Kill – While Armed (ct.2) | Dismissed Plea Agreement 05-03-11 | | | |
| | Assault W/I to Kill While Armed – Gun (ct.3) | Dismissed Plea Agreement 05-03-11 | | | |
| | Assault W/I to Kill While Armed – Gun (ct.4) | Dismissed Plea Agreement 05-03-11 | | | |
| | Assault W/I to Kill While Armed – Gun (ct.5) | Dismissed Plea Agreement 05-03-11 | | | |
| | Assault W/I to Kill – While Armed (ct.6) | Dismissed Plea Agreement 05-03-11 | | | |
| | Carjacking While Armed - Gun (ct.7) | Dismissed Plea Agreement 05-03-11 | | | |
| | Carjacking While Armed – Gun (ct.8) | Dismissed Plea Agreement 05-03-11 | | | |
| | Possession of Firearm During Crime of Violence (ct.9) | Dismissed Plea Agreement 05-03-11 | | | |
| | Possession of Firearm During Crime of Violence (ct.10) | Dismissed Plea Agreement 05-03-11 | | | |

|  | | | | | |
|---|---|---|---|---|---|
|  | Possession of Firearm During Crime if Violence (ct.11) | Dismissed Plea Agreement 05-03-11 | | | |
|  | Possession of Firearm During Crime of Violence (ct.12) | Dismissed Plea Agreement 05-03-11 | | | |
|  | Carry Pistol W/O Lic – Outside of Home/Business (ct.13) | Dismissed Plea Agreement 05-03-11 | | | |
|  | Robbery (ct.14) 2009CF100521 | *Instant Offense* | | | M6 |
| 12-28-09 | Assault on Police Officer 2010CMD008554 | Status Hearing 07-25-11 | | | |
| 04-08-11 | Assault on Police Officer 2011CMD008305 | Non-Jury Trial 09-08-11 | | | |
| **Total Score:** | | | | | 3.75 |

## PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT:

Available records indicate the defendant served his initial period of supervised probation within the juvenile criminal justice system. For Simple Assault in docket #2007DEL686, and Assault – Felony in docket #2007DEL1048, the defendant was placed on one year of probation on 11-13-07. His probation was terminated in both cases on 11-13-08. During this period of probation, he incurred a Robbery and Unauthorized Use of a Vehicle charges, which were subsequently Not Petitioned.

As an adult, on 5-11-09, the defendant was sentenced to 180 days, ESS, one year supervised probation for Attempted Threats to Do Bodily Harm in docket #2009DVM224, under the Youth Rehabilitation Act. His probation conditions included Domestic Violence Intervention in addition to alcohol/drug testing and treatment. This case was terminated unsatisfactorily on November 30, 2009 due to the defendant's incarceration in another matter. On 10-06-09, the defendant was sentence to 48 months in jail, 3 years supervised release, credit for time served, (consecutive to docket #2009CF21584) for Assault With a Dangerous Weapon in docket # 2009CF36427. In docket #2009CF21584 for Carry Pistol W/O Lic – Outside Home/Business he was sentenced to 10 months jail, 3 years supervised release, credit for time served, (consecutive to case #2009CF36427). The defendant never began the supervised release in these matters as he has been detained in the Instant Offense.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
Vs.

**RANSOM J PERRY**
DOB: 07/01/1990

JUDGMENT IN A CRIMINAL CASE
(Incarceration)

Case No. **2009 CF1 005211**
PDID No. **584868**
DCDC No.

THE DEFENDANT HAVING BEEN FOUND GUILTY ON THE FOLLOWING COUNT(S) AS INDICATED BELOW:

| Count | Court Finding | Charge |
| --- | --- | --- |
| 1 | Found Guilty - Plea | Murder II While Armed |
| 14 | Found Guilty - Plea | Robbery |

### SENTENCE OF THE COURT

**Count 1:**
Murder II While Armed
Sentenced to 288 month(s) incarceration, 5 year(s) supervised release., $100.00 VVCA, VVCA Due Date 07/01/2036

**Count 14:**
Robbery
Sentenced to 72 month(s) incarceration, $100.00 VVCA, VVCA Due Date 07/01/2036

Prison term as to counts 1 and 14 are to run concurrent to each other but consecutive to any other sentence.
Supervised release term to run concurrent as to both counts 1 and 14.

A TRUE COPY
TEST: _____
Clerk, Superior Court of
the District of Columbia
By: _____
Deputy Clerk

The defendant is hereby committed to the custody of the Attorney General to be incarcerated for a total term of **Two Hundred Eighty-Eight (288)** months. MANDATORY MINIMUM term of _____ applies.

Upon release from incarceration, the Defendant shall be on supervised release for a term of: **Five (5) years**

The Court makes the following recommendations to the Bureau of Prisons/Department of Corrections:

> VVCF to be taken from prison pay

Total costs in the aggregate amount of $ **200.00** have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☑ have not been paid. ☐ Appeal rights given ☑ Gun Offender Registry Order Issued
☑ Advised of right to file a Motion to Suspend Child Support Order ☐ Sex Offender Registration Notice Given
☐ Domestic violence notice given prohibiting possession/purchase of firearm or ammunition
☐ Restitution is part of the sentence and judgment pursuant to D.C. Code § 16-711.

7/1/2011
Date

LYNN LEIBOVITZ
Judge/Magistrate Judge

Certification by Clerk pursuant to Criminal Rule 32(d)

7/1/2011
Date

Robert J. Dillard
Deputy Clerk

Received by DUSM: Rivera   Badge# 4911   Signature: _____   Date: 7/1/11   Time: _____
Printed Name

CDJC_Jail.doc

