UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANSOM J. PERRY,<br>  Petitioner<br><br>v.<br><br>DAVID J. EBBERT,<br>  Respondent | CIVIL ACTION NO. 1:19-CV-0485<br><br>(RAMBO, D.J.)<br><br>(ARBUCKLE, M.J.) |

<u>REPORT & RECOMMENDATION</u>

I. BACKGROUND & PROCEDURAL HISTORY

Petitioner Ransom J. Perry ("Petitioner") is incarcerated in federal prison in Lewisburg, Pennsylvania, serving a sentence handed down by the District of Columbia Superior Court.

On July 1, 2011, Petitioner pleaded guilty in the District of Columbia Superior Court to the crimes of Murder II while armed and Robbery. (Doc. 1, p. 10). As part of Petitioner's plea deal, the following counts were dismissed:

 (1) Murder I While Armed (one count)

 (2) Assault W/I to Kill While Armed (five counts)

 (3) Carjacking While Armed (two counts)

 (4) Possession of a Firearm During a Crime of Violence (four counts)

 (5) Carrying a Pistol without a License (one count)

*United States v. Perry*, 2009 CF1 005211 (D.C. Super. Ct.).[1] On March 18, 2019, Petitioner filed this Petition for habeas corpus. (Doc. 1). On April 23, 2019, Plaintiff paid the required filing fee. (Doc. 4).

Petitioner believes that he was charged and convicted in error, and that this error is affecting the length of his sentence. (Doc. 1, ¶ 1). Specifically, Petitioner argues: (1) he could not have been convicted of Murder II While Armed because all of the other counts related to his possession of a firearm were dismissed, (Doc. 1, ¶ 2); (2) his Robbery conviction "is a complete error" because "Petitioner had to have a gun or weapon to commit a crime in which he did not have," *Id.*; (3) his counsel was ineffective for failing to object to the charge of "Murder II While Armed or (14) counts of Robbery," because Petitioner could not be charged for possession of a weapon, (Doc. 1, ¶ 3).

As relief, Petitioner requests that his sentence be vacated and that he be released immediately. (Doc. 1, p. 5).

On May 1, 2019, the Court directed the Government to respond to this Petition. (Doc. 5). On May 20, 2019, the Government responded that this Petition

---

[1] In addition to the Petition and attached exhibits, a federal habeas court may take judicial notice of state court records, as well as its own. *Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this Petition, the Court has taken judicial notice of the publicly available dockets of the Petitioner's criminal case in the District of Columbia Superior Court.

should be construed as being brought under 28 U.S.C. § 2254, and should be transferred to the United States District Court for the District of Columbia. (Doc. 7). On May 28, 2019, Petitioner filed a reply stating that he agreed that this Petition should be transferred to the District of Columbia. (Doc. 8).

II.   ANALYSIS

    A.   THE PETITION SHOULD BE TREATED AS A 2254 PETITION

Petitioner alleges that he is "actually, factually innocent under 28 U.S.C. § 2241," and is challenging "the validity of his conviction or sentence as imposed under the savings clause of 28 U.S.C. § 2255(e)." (Doc. 1, p. 2). Although Petitioner has styled his Petition as arising under both § 2241 and § 2255, Petitioner is considered a State prisoner because he was convicted by a District of Columbia court. *See Madley v. United States Parole Comm'n*, 278 F.3d 1306, 1309 (D.C. Cir. 2002). Therefore, this Petition should be treated as one filed pursuant to 28 U.S.C. § 2254. *See e.g., Robinson v. Reilly*, 340 F. App'x 772, 773 (3d Cir. 2009).

    B.   THE PETITION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Jurisdiction over a state prisoner's federal habeas petition is proper in one of two federal district courts: (1) the district court for the federal judicial district where the prisoner is in custody; or (2) the district court for the federal judicial district where the state court of conviction is located. 28 U.S.C. § 2241(d).

Petitioner is in custody in the Middle District of Pennsylvania. Therefore, this Court does have jurisdiction. In this case, the Petition does not relate to his present conditions of confinement in the Middle District of Pennsylvania. Instead, it concerns his conviction in the District of Columbia Superior Court. All records of Petitioner's state court conviction, transcripts of proceedings, witnesses, counsel, and conviction records are located within the District of Columbia.

When courts have been confronted by habeas petitions, like this one, which challenge a conviction or sentence imposed by a court located in another federal district, they have often relied on 28 U.S.C. § 1404, which states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See e.g., Belle v. Baltazar,* No. 3:17-CV-839, 2017 U.S. Dist. LEXIS 106933 (M.D. Pa. July 10, 2017) *report and recommendation adopted by Belle v. Baltazar,* 3:17-CV-0839, ECF Doc. 11 (M.D. Pa. July 21, 2017). Section 2241(d) of Title 28 of the United States Code further provides that the district court for the district in which the petition is filed may "in furtherance of justice" transfer the petition to the district court for the federal judicial district where the state court of conviction is located. 28 U.S.C. § 2241(d).

In this case, the prerequisites for a transfer of this matter to the United States District Court for the District of Columbia under 28 U.S.C. § 1404(a) have been met. This Petition could have been brought in the United States District Court for the District of Columbia because it is the district court for the federal judicial district where the state court of conviction is located. Furthermore, the parties agree that this case should be transferred to the United States District Court for the District of Columbia.

It is also evident that a transfer of this action to the United States District Court for the District of Columbia would be more convenient for the parties and witnesses and would be in the interest of justice. With respect to the convenience of the parties and witnesses, the events material to Petitioner's case took place in the District of Columbia. Moreover, transferring venue also protects Petitioner's rights as a *pro se* litigant because it avoids any unintended prejudice that might flow from dismissal of this action.

III.   RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that this Petition (Doc. 1) be transferred to the United States District Court of the District of Columbia pursuant to 28 U.S.C. § 1404(a).

Date: May 31, 2019                    BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANSOM J. PERRY, | ) | CIVIL ACTION NO. 1:19-CV-0485 |
| Petitioner | ) | |
| | ) | (RAMBO, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DAVID J. EBBERT, | ) | |
| Respondent | ) | |

### NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: May 31, 2019                          BY THE COURT

                                                  *s/William I. Arbuckle*
                                                  William I. Arbuckle
                                                  U.S. Magistrate Judge