UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANSOM J. PERRY,<br><br>        Petitioner,<br><br>        v.<br><br>DAVID J. EBBERT,<br><br>        Respondent. | Case No. 1:19-cv-02093 (TNM) |

**MEMORANDUM OPINION**

*Pro se* Petitioner Ransom J. Perry has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his 2011 convictions in the Superior Court of the District of Columbia. *See* Pet., ECF No. 1. Mr. Perry pled guilty to Murder II While Armed and fourteen counts of Robbery. *See* Pet. at 10. Under his plea agreement, twelve other counts of the indictment were dismissed. *See* Pet. at 7–9, ECF No. 1. Mr. Perry claims that "due to the dismissals," he is "actually, factually innocent." Pet. at 2. Because the Court lacks jurisdiction, it will dismiss this case.

Although Mr. Perry invoked the general habeas statute, "the clear weight of authority . . . finds that a prisoner in custody pursuant to a judgment of the D.C. Superior Court must seek habeas review [of the conviction] under 28 U.S.C. § 2254." *Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 122 (D.D.C. 2011) (cleaned up). But unlike a prisoner challenging a state or federal court conviction, "a District of Columbia prisoner has no recourse to a federal judicial forum" absent a showing that "the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (cleaned up).

D.C. Code § 23-110 "establishe[s] a remedy analogous to 28 U.S.C. § 2255 for prisoners

1

sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). As relevant here:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).

This provision "is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve." *Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011). And it "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).

Such is the case here. Under Section 23-110(a), a D.C. prisoner who claims "the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution . . . [or] (4) the sentence is otherwise subject to collateral attack" may move the Superior Court to vacate, set aside, or correct his sentence, and such motions "may be made at any time." D.C. Code § § 23-110(a), (b)(1). The D.C. Circuit has held that remedy to be "neither inadequate nor ineffective to test the legality" of a conviction challenged on innocence grounds. *Ibrahim*, 661 F.3d at 1146; *see Earle v. United States*, 987 F. Supp. 2d 7, 11 (D.D.C. 2013) (concluding that the district court "lacks jurisdiction to consider actual innocence claim—whether asserted as a 'gateway' claim to federal court review or as a 'stand-alone' claim—because 'either claim' is available under D.C. Code § 23-110 . . . and, therefore, is foreclosed by Section 23-110(g)").

2

Mr. Perry has not shown that he cannot bring his claim under D.C. Code § 23-110(a), so the Court lacks jurisdiction here. It thus will dismiss the case. A separate order will issue.

Dated: August 21, 2019 										TREVOR N. McFADDEN, U.S.D.J.